ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY

WILLIAM YOUNG (WY9160)
Special Assistant U.S. Attorney
1 Pierrepont Plaza, 14th Fl.
Brooklyn, New York 11201
Telephone: (718) 254-6957

ARLENE M. EMBREY (AE9718)
Trial Attorney
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
Telephone: (202) 205-6976
Facsimile: (202) 481-0324

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff** | ) |
| **v.** | ) **Civ. No. 06-civ-2856 (GEL)** |
| **EXETER VENTURE LENDERS, LP and EXETER EQUITY PARTNERS, LP** | ) |
| **Defendants.** | ) |

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff, the United States of America on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W.,

Washington, DC 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3. Defendant Exeter Venture Lenders, LP (hereinafter, "Exeter Venture"), is a Delaware limited partnership currently maintaining its principal place of business at 10 East 53rd Street, 32nd Floor, New York, New York, 10022. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

4. Defendant Exeter Equity Partners, LP (hereinafter, "Exeter Equity"), is a Delaware limited partnership currently maintaining its principal place of business at 10 East 53rd Street, 32nd Floor, New York, New York, 10022. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS AND APPLICABLE LAW

5. Paragraphs 1 through 3 are incorporated by reference as though fully set forth herein.

6. Exeter Venture was licensed by SBA as a small business investment company ("SBIC") on February 7, 1994, SBA License No. 02/02-0548, under Section 301(c) of the Small Business Investment Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

7. Exeter Equity was licensed by SBA as a small business investment company ("SBIC") on December 22, 1994, SBA License No. 02/72-0559, under Section 301(c) of the Small Business Investment Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

8. Exeter Venture and Exeter Equity are managed by Exeter Venture Management Corporation. Exeter Venture's General Partner is Exeter Venture Advisors, Inc. and Exeter Equity's General Partner is Exeter Equity Advisors, L.P, both of whom maintain their principal place of business at 10 East 53rd Street, 32nd Floor, New York, New York, 10022.

9. Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

10. Exeter Venture's Agreement of Limited Partnership expressly incorporates the Act and Regulations.

11. Exeter Equity's Agreement of Limited Partnership also expressly incorporates the Act and Regulations.

12. Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide leverage to licensed SBICs.

13. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided funds to Exeter Venture through the purchase and/or guaranty of the following Debentures, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $7,399,750.19 as follows:

| Debenture Loan No. | Principal Amount |
|---|---|
| 04633800-05 | $1,500,000.00 |
| 04636300-08 | $3,000,000.00 |
| 04637200-00 | $2,899,750.19 |

As of April 17, 2006 there is $7,671,315.86 in Debenture Leverage outstanding, consisting of $7,399,750.19 in principal, $271,565.67 in interest with a per diem rate of $1,431.25.

13. The Debentures described in paragraph 12, above, are subject to, and incorporate by reference, the Regulations, including but not limited to the provision of 13 C.F.R. §107.1810, 13 C.F.R. §§1830-1840 and 13 C.F.R §107.507.

14. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided funds to Exeter Equity through the purchase of Participating Securities, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $7,453,155.36 as follows:

| Participating Securities No. | Principal Amount |
|---|---|
| 02002652-00 | $3,956,470.97 |
| 02004651-03 | $2,246,684.39 |
| 02016751-09 | $1,250,000.00 |

As of April 12, 2006 there is $7,453,155.36 in Participating Securities Leverage outstanding.

15. The Participating Securities described in paragraph 14, above, are subject to and incorporated by reference in the Regulations, including but not limited to the provision of 13 C.F.R. §§107.1820-1850 and §107.507.

16. Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of Licensees such as Exeter Venture and Exeter Equity may be forfeited and the company may be declared dissolved.

17. Section 311 of the Act, 15 U.S.C. §687c, provides that if a determination by SBA that a Licensee such as Exeter Venture, or any other person, has engaged in or is

about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized to appoint SBA to act as receiver for such Licensee.

**COUNT ONE**
**CAPITAL IMPAIRMENT OF EXETER VENTURE**

18. Paragraphs 1 through 17 are incorporated by reference as though fully set forth herein.

19. Section §107.1830(c) of the Regulations requires that Exeter Venture not have a condition of Capital Impairment of greater than 70%, as that term is defined under the Regulations.

20. Based on the SBA Form 468 submitted by Exeter Venture for the period ending September 30, 2005, SBA determined that Exeter Venture had a condition of Capital Impairment percentage, as that term is defined under the Regulations, of 121.63%.

21. Section 107.1810(f)(5) provides that a condition of capital impairment as determined under Section 107.1830 is an event of default with opportunity to cure.

22. By letter dated October 22, 2004, SBA notified Exeter Venture that it was in default of its Debentures as a consequence of its violation of Section 107.1830(c) and Section 107.1810(f)(5) and notified Exeter Venture that it had 15 days from the date of the letter to

cure the default and pay the full amount due under the Debentures, which had previously been accelerated.

23. To date, Exeter Venture has failed to cure its condition of capital impairment and has failed to remit payment in full on the Debentures.

24. As of April 17, 2006, Exeter Venture is indebted to SBA under the Debentures for the total sum of $7,671,315.86, consisting of $7,399,750.19 in principal, $271,565.67 in interest and a per diem rate of $1,431.25.

25. As a consequence of Exeter Venture's uncured violations of 13 C.F.R. §§107.1830(b) and 107.1810(f)(5) of the Regulations, and in accordance with 13 C.F.R. §107.1810(g), SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of Exeter Venture Lenders, LP.

**COUNT TWO**
**CAPITAL IMPAIRMENT OF EXETER EQUITY**

26. Paragraphs 1 through 25 are incorporated by reference as though fully set forth herein.

27. Section §107.1830(c) of the Regulations requires that Exeter Equity not have a condition of Capital Impairment of greater than 60%, as that term is defined under the Regulations.

28. Based on the SBA Form 468 submitted by Exeter Equity for the period ending December 31, 2005, SBA determined that Exeter Equity had a condition of Capital Impairment percentage, as that term is defined under the Regulations, of 237.8%.

29. By letter dated October 2, 2003, SBA notified Exeter Equity that it was in default of its Participating Securities as a consequence of its violation of Section 107.1830 and

notified Exeter Equity that it had 15 days from the date of the letter to cure the default and pay the full amount due under the Participating Securities.

30. To date, Exeter Equity has failed to cure its condition of capital impairment and has failed to remit payment in full on the Participating Securities.

31. As of April 12, 2006, Exeter Equity is indebted to SBA under the Participating Securities for the total sum of $7,453,155.36.

32. Exeter Equity's non-compliance with its terms of Leverage under 13 C.F.R. §107.1830(b) is also a violation of Section 13 C.F.R. §107.507(a) of the Regulations for nonperformance of the terms of its Participating Securities and nonperformance of its Application for SBIC License, which is a written agreement with SBA.

33. SBA has determined that Exeter Equity is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment and is in violation of the Regulations, 13 C.F.R. §§107.1830(b) and 507(a).

34 As a consequence of Exeter Equity's violation of 13 C.F.R. §§107.1830(b) and 507(a) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of Exeter Equity Partners LP.

**CONCLUSION**

**WHEREFORE,** Plaintiff prays as follows:

A. That permanent injunctive relief be granted restraining Exeter Venture, its managers, general partner, limited partners, officers, agents, employees, financial advisors, and other persons acting on Exeter Venture's behalf, in concert or participation

therewith from: (1) making any disbursements of Exeter Venture's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of Exeter Venture, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder;

B. That permanent injunctive relief be granted restraining Exeter Equity, its managers, general partner, limited partners, officers, agents, employees, financial advisors, and other persons acting on Exeter Equity's behalf, in concert or participation therewith from: (1) making any disbursements of Exeter Equity's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of Exeter Equity, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder;

C. That this Court determine and adjudicate Exeter Venture Lender, LP's noncompliance with and violation of the Act and the Regulations promulgated thereunder;

D. That this Court determine and adjudicate Exeter Equity Partners LP's noncompliance with and violation of the Act and the Regulations promulgated thereunder;

E. That this Court take exclusive jurisdiction of Exeter Venture Lenders, LP and all of its assets, wherever located, appoint SBA as permanent, liquidating receiver of Exeter Venture for the purpose of liquidating all of Exeter Venture's assets and satisfying the claims of creditors therefrom in the order of priority to be determined by this Court, and pursuing causes of action available to Exeter Venture against third parties, as appropriate;

F. That this Court take exclusive jurisdiction of Exeter Equity Partners, LP and all of its assets, wherever located, appoint SBA as permanent, liquidating receiver of Exeter Equity for the purpose of liquidating all of Exeter Equity's assets and satisfying the claims of creditors therefrom in the order of priority to be determined by this Court, and pursuing causes of action available to Exeter Equity against third parties, as appropriate;

G. That this Court render Judgment in favor of SBA and against Exeter Venture Lenders, LP in the amount of $ $7,671,315.86 as of April 17, 2006 consisting of $7,399,750.19 in principal, $271,565.67 in interest with a per diem rate of $1,431.25 until the date of judgment, together with post judgment interest pursuant to 28 U.S.C. § 1961 as of the date judgment is entered; and

H. That this Court grant such other relief as may be deemed just and proper.

Respectfully submitted,

UNITED STATES OF AMERICA

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY

Dated: May 17, 2006 By: ______________________

WILLIAM YOUNG (WY9160)
Special Assistant U.S. Attorney
Eastern District of New York
1 Pierrepont Plaza, 14th Fl.
Brooklyn, New York 11201
Telephone: (718) 254-6957

U.S. SMALL BUSINESS ADMINISTRATION

Dated: 5/11/06

By:

ARLENE M. EMBREY (AE9718)
Trial Attorney
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
Telephone: (202) 205-6976
Facsimile: (202) 481-0324